UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-516-GWU

PAMELA JACKSON,                                         PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

## INTRODUCTION

Pamela Jackson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

06-516 Jackson

        Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

06-516  Jackson

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

06-516  Jackson

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

06-516  Jackson

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jackson, a 48 year-old[1] former janitor, tomato packer and baby sitter with a high school equivalent education, suffered from impairments related to a history of mitral valve prolapse with supraventricular tachycardia, being status post ablation, osteoarthritis, and a hiatal hernia with gastroesophageal reflux disease. (Tr. 15, 17). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 16-17). Since the claimant's past work could still be performed, she could not be considered totally disabled. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court

---

[1] The ALJ stated in the text of the denial decision that the plaintiff was 46, but this was a typographical error and she was really 48. (Tr. 17).

must grant the defendant's summary judgment motion and deny that of the plaintiff.

With regard to the ALJ's treatment of the evidence relating to Jackson's physical condition, the undersigned can find no error. The plaintiff was found capable of performing a restricted range of medium level work in an administrative decision which became final on October 28, 2004. (Tr. 51-59). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The ALJ's findings of a restricted range of medium level work is in accord with these directives.

With regard to the evidence presented during the processing of the current claim, the undersigned notes that no treating or examining source of record, including the staff at Appalachian Regional Healthcare (Tr. 182-215, 309-345, 389-420, 431-475), the staff at Kentucky Cardiology (Tr. 216-257), Dr. Bobby Kidd (Tr. 258-262), the staff at Central Baptist Hospital (Tr. 357-360, 476-518), and Dr. Avichai Eres (Tr. 361-388, 421-430), identified the existence of more severe

physical restrictions than those found by the ALJ.  Dr. Parandhamulu Saranga, a non-examining medical reviewer, specifically indicated that the physical restrictions found by the prior ALJ were not contradicted by new evidence.  (Tr. 269-277).  These reports provide substantial evidence to support the administrative decision.

Jackson argues that the ALJ erred in failing to find that the evidence relating to her current appeal supports the existence of a "severe" mental impairment.  Although the ALJ did not find that the plaintiff suffered from a "severe" mental impairment, she did include among her findings that the claimant would have a "limited but satisfactory" ability in such areas as relating to co-workers, dealing with the public, and interacting with supervisors.  (Tr. 16-17).  These limitations were considered by Vocational Expert James Miller who reported that the past work could still be performed.  (Tr. 44-45).  The claimant asserts that more serious restrictions were supported by the record.

Psychologist Phil Pack was the only mental health professional to examine Jackson.  Pack diagnosed an anxiety disorder and a possible personality disorder.  (Tr. 267).  The examiner opined that the claimant's ability to relate to others, including fellow workers and supervisors, would be "poor," defined as "ability to function is seriously limited but not precluded."  (Tr. 268).  This is a more severe mental limitation than that found by the ALJ or presented to the vocational expert.

The defendant notes that Pack related that this limitation was related to

"patient history" and asserts that since it was not based upon an objective finding, it was not binding.  The defendant further notes that psychologists Ilze Sillers (Tr. 278) and Jane Brake (Tr. 293), the non-examining medical reviewers, each opined that Jackson's mental problems were not "severe."

While the defendant asserts that Pack relied upon Jackson's subjective complaints with little or no objective clinical support, the subjective complaints were elicited as a part of the psychologist's diagnostic interview.  The Sixth Circuit Court of Appeals, citing Poulin v. Bowen, 817 F.2d 865 (D.C. Cir. 1987), stated that:

> A psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment...consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine....In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices [sic] in order to obtain objective clinical manifestations of medical illness....When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology.  The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.

Blankenship v. Bowen,  874 F.2d 1116, 1121, (6th Cir.  1989).  In Blankenship, the Sixth Circuit concluded that no cause existed to question the diagnosis of a psychiatrist made after only one interview and where no psychological testing had been conducted, even though the doctor noted the need for a more accurate history.  Blankenship, 874 F.2d at 1121.  Thus, interviews are clearly an acceptable

06-516  Jackson

diagnostic technique in the area of mental impairments and Pack could rely upon the subjective complaints elicited during the interview in formulating his functional restrictions.

Pack's findings would still be countered by the opinions of the medical reviewers.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, neither reviewer articulated reasons why their opinions differed from that of the examining source.  Brake even indicated that Pack was entitled to "great weight." (Tr. 290).  Therefore, these opinions do not provide substantial evidence to support the administrative decision.  The ALJ should have sought the advice of a medical advisor.

The Court finds that even if the ALJ erred on this issue, Jackson must still demonstrate that Pack's more severe mental restriction concerning relating to others would preclude performance of her past relevant work as a baby-sitter, janitor and tomato packer.  The plaintiff's ability in this area was rated as "seriously limited but not precluded." The claimant has offered no evidence that this restriction would eliminate the past work.  The Dictionary of Occupational Titles does not address the issue of social interaction.  While the job of baby-sitter would likely be precluded by these mental limitations since child care would necessarily involve

11

significant interaction with others, it is unclear whether the position of tomato packer and certainly the job of janitor would be precluded. Since Jackson carried the burden on this issue and it has not been met, the Court finds that any error is harmless.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 17th day of October, 2007.

Signed By:
*G. Wix Unthank*
United States Senior Judge